*In re* POWERS ESTATE FEES.

DECISION OF THE COURT.

1. ESTATES OF DECEDENTS—ATTORNEY FEES AND EXPENSES OF PROPONENT.

Order granting $10,850 toward $32,525 bill of attorneys for proponent for attorney fees and all of bill for $6,835.05 for expenses and authorizing petition for certain additional fees to December 7, 1961, only, is allowed against estate of decedent, where the attorneys had acted in reliance upon an order of the probate court authorizing proponent to "retain counsel and to incur the expense of procuring evidence to sustain the will" and providing that the reasonable fees of counsel and expense of procuring evidence should be a charge against the estate, contestants having conceded the charges are reasonable on an hourly or time basis.

2. COSTS—ESTATES OF DECEDENTS—ATTORNEY FEES—EXPENSES.

No costs are allowed on appeal from order of circuit court allowing all expenses theretofore incurred and substantially 1/3 of the bill for attorney fees for counsel for proponent in will contest.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur, Executors and Administrators §§ 545, 546.
[2, 4] 14 Am Jur, Costs § 91 *et seq.*

3. ESTATES OF DECEDENTS—ATTORNEY FEES AND EXPENSES OF PRO-
PONENT.

   *Order of circuit court disallowing all but $10,850 of the $32,525
   proponent requested for attorney fees and allowing proponent's
   claim for $6,835.05 to cover his expenses in will contest is not
   disturbed, after considering not only time conceded to have
   been devoted to the cause by proponent's counsel but, as well,
   the result achieved, the complexity of the issues involved, and
   the existence of separate agreements for compensation of such
   counsel.*

4. COSTS—ESTATES OF DECEDENTS—ATTORNEY FEES—EXPENSES.

   *No costs are allowed on appeal from order of circuit court allow-
   ing all expenses theretofore incurred and substantially 1/3 of
   the bill for attorney fees for counsel for proponent in will
   contest.*

Appeal from Muskegon; Peterson (William R.),
J., presiding. Submitted November 8, 1963. (Cal-
endar No. 100, Docket No. 49,984.) Decided April 9,
1965.

In the matter of the estate of Lunette I. Powers,
deceased, Alexis J. Rogoski, proponent, secured
order for retention of counsel to sustain will with
fees to be charged against estate. Fees and expenses
determined in probate and circuit courts. Plaintiff-
proponent appeals. Affirmed.

*Oscar E. Waer, John C. Cary,* and *Parmenter,
Forsythe & Steendam,* for plaintiff-proponent.

*Harry J. Knudsen,* Prosecuting Attorney, County
of Muskegon, on behalf of undesignated and un-
named charitable beneficiaries under a prior will,
defendant-contestants.

*John S. White,* for defendant-contestant heirs-at-
law.

O'Hara, J. There is no need to add any background material to our bare holding herein. All of the relevant facts and circumstances may be found in *In re Powers Estate,* 375 Mich 150.

The question here is simply the allowance or disallowance of attorneys' fees and expenses. The probate court of Muskegon county, on May 20, 1959, entered an order authorizing proponent Rogoski to "retain counsel and to incur the expense of procuring evidence to sustain the will; and that the reasonable fees of counsel    *    *    *    and the expense of procuring evidence shall be a charge against the estate."

Petitioner's counsel submitted a claim for $6,835.05 for expenses and $32,525 for attorneys' fees. The acting probate judge allowed a gross sum of $13,250 as fees and expenses. On appeal the acting circuit judge allowed all of the expenses as detailed and a sum of $10,850 as attorneys' fees for the period from May 20, 1959, to October 31, 1961. The order authorized a further petition for fees and expenses incurred between October 31, 1961, and December 7, 1961, if any, but barred proponents from any allowance for fees and expenses after that date.

In an excellently prepared opinion, the acting circuit judge set out his reasons and authority. With it we find no basis for disagreement.

However, in passing upon the reasonableness of any fees and expenses sought for services rendered and disbursements made between the dates above specified, we commend to the judge to whom application therefor is made, the comment of Judge Peterson in his opinion:

"Contestants further concede that the charges of counsel are reasonable on an hourly or time basis, in view of prevailing charges for like service by the

profession (and, indeed, are less than minimum by accepted usage) and for the services rendered."

No costs are allowed on this appeal.

DETHMERS, KELLY, and SMITH, JJ., concurred with O'HARA, J.

SOURIS, J. (*for affirmance*). Judge Peterson, sitting by special assignment, in the Muskegon circuit court to review proponent's motion for allowance of fees and expenses in connection with the trial of the will contest suit reviewed in related proceedings appearing at 375 Mich 150, disallowed all but $10,850 of the $32,525 proponent requested for attorney fees and allowed proponent's claim for $6,835.05 to cover his expenses.

There is nothing in this record to justify our tampering with the order Judge Peterson entered after considering not only the time conceded to have been devoted to this cause by proponent's counsel but, as well, the result achieved, the complexity of the issues involved, and the existence of separate agreements for compensation of proponent's counsel which Judge Peterson's opinion indicates existed in this case.

I would affirm Judge Peterson's order and I would allow no costs in this appeal therefrom.

T. M. KAVANAGH, C. J., concurred with SOURIS, J.

BLACK, J., concurred in result.

ADAMS, J., took no part in the decision of this case.